JOHN D. OWINGS, plaintiff in error, *v.* JAMES THOMPSON *et al.,* defendants in error.

*Error to Randolph.*

Where a note is given for the purchase of land, in the absence of any agreement that the title is good, or that the note shall not be paid, if the title fail, and in the absence of fraud, although untrue representations are in fact made as to the title, a failure of title will not constitute a failure of the consideration of the note.

The principle clearly deducible from the uniform train of decisions in Illinois is, that it is not a sufficient defence to a note or bond, that it was given for the purchase of land, and that the purchaser acquired no title, or that there was a defect or misrepresentation as to the quantity, quality, or location. It is no matter what representations were made at the time of purchase, so that they were made in good faith, and the transaction was not tainted with fraud, and there was no agreement upon the subject of the title.

On a sale of land, in the absence of fraud, and in the absence of any specific agreement for a particular title, the purchaser takes the title at his own risk. But, *semble,* where the vendor expressly agrees to give a specific title, whether there be fraud in the case or not, he shall take the responsibility of that particular title, and if he will not, or cannot give that title, he shall not be permitted to collect the note given in consideration of that agreement, and turn the party round to seek his remedy on the agreement, or his covenants.

THIS cause was heard in the Court below, at the August term, 1842, before the Hon. Sidney Breese and a jury.

The declaration is in *debt,* and contains eight counts, founded upon four writings obligatory; the four first counts treating the instruments as specialties, the other four as simple contracts. The first plea sets forth that no good or valuable consideration was given, and extends to the first and second counts. The second plea extends to the first and second counts, and sets up a failure of consideration in this, that the writings in said counts

were given for the purchase of certain lands, and that the plaintiffs, acting as commissioners under an order of the Court, at the time of the execution thereof, represented that the title of said lands was good and valid in the heirs of one Spencer P. Atkins, together with Ignatius Sprigg, in whose behalf they, the plaintiffs, acted, and that before the said writings would have to be paid, they, the plaintiffs, would make a good title in fee simple to said lands to the said Owings, and that the said plaintiffs had not a good title to the same, The third plea extends to the first and second counts, and sets forth the same facts as the second plea, and avers that the plaintiffs had not made a good title to the said Owings for said lands. The fourth plea is a plea of no consideration, and extends to the third and fourth counts. The fifth and sixth pleas are similar to the second and third, except that the representations and agreement to convey were made to one William S. Gardner, and except in the description of the lands to be conveyed, and for which the writings in the third and fourth counts were given. The seventh plea extends to the fifth, sixth, seventh, and eighth counts, and is *nil debet*. The eighth plea is *non est factum*, and extends to the third and fourth counts. The plaintiffs demurred to the second, third, fifth, and sixth pleas, and replied to the first and fourth pleas, that a good consideration was given. The defendant demurred thereto. The demurrer to the second, third, fifth, and sixth pleas was sustained, and the demurrer to the replication to the first and fourth pleas amended. Issue was taken and a trial had on the replication to the first and fourth pleas. Verdict and judgment were rendered for the plaintiffs for $1115.42 debt, and $152.33 damages. Upon the trial, the defendant, under the pleas of no consideration, offered to introduce witnesses to prove that the writings in the first four counts were given for the purchase of the lands in the above pleas mentioned; that they were sold as in said pleas alleged; that the said Sprigg and the heirs of Atkins had no title to said lands; which testimony was excluded by the Court, and the defendant excepted.

The sustaining of the demurrer of the plaintiffs, and the exclusion of the evidence of the defendant below, were the points upon which the defendant relied for reversal of the judgment.

J. Gillespie and B. S. Edwards, for the plaintiff in error:

As to whether failure of consideration is a good defence to a note given for land sold at private sale. 1 Blackf. 172; 14 Pick. 295; 2 Peters' Cond. R. 247; 1 Peters 466; 2 Scam. 444, 452.

As to whether defect of title may be set up when the sale was under authority of a court. 1 Sugden on Vend. 60—4, marginal paging 479—82; 1 Littell 244—51.

N. D. Strong, for the defendants in error:

1. The Court will presume that the commissioners gave some

note, certificate, or memorandum of sale. Such memorandum is implied in every idea of a sale of real estate. 2 Caines 61–2; 2 Johns. 248.

2. In such a memorandum, all verbal representations made at the time of sale would be merged. It is not competent, therefore, to set up verbal representations, not fraudulent, in regard to the sale of real estate. 3 Wend. 459; 1 Wend. 424.

3. There is no implied warranty of title upon sales of real estate.

4. Still less upon judicial sales. 5 Peters' Cond. R. 709; 1 Blackf. 10.

5. Where there is no implied warranty, the consideration is perfect, except in cases of express warranty or fraud. 1 Johns. 96, 129, 274; 2 Johns. 179; 4 Johns. 421; 5 Johns. 354; 1 Scam. 499; 2 Scam. 13; 24 Wend. 102.

6. This was a judicial sale. The commissioners had no inducement to warrant title. They had no means of knowing the situation of the title, but such as were open to the purchasers. Their authority, the extent of it, and the situation of the title was all matter of public record, and the pleas not averring any express warranty or fraud, the doctrine of *caveat emptor* applies, and the consideration of the notes has not failed.

7. Evidence of the failure of consideration is not competent under a plea of no consideration.

8. In the case of Williams *v.* Reed, cited by the plaintiff in error, the defect of title arose from the guardian's own neglect. It was not a judicial sale, and had been abandoned. In the cases in Sugden, the sales were not complete, and the matter was still in the discretion of the Court.

CATON, Justice, delivered the opinion of the Court:

All of the errors assigned in this case, except the last, present precisely the same question, which arises on the decision of the Court below in sustaining the demurrer to the second, third, fifth, and sixth pleas, and will consequently be considered together. The second and fifth pleas show that the notes, which they attempt to answer, were given for the purchase of land, sold by the plaintiffs, as commissioners appointed by the Court to make the sale, and that at the time of the sale, the plaintiffs represented that those for whom they acted had a good title to the land, and that before the notes would have to be paid, they would make a good title in fee simple to the same; and then aver, that those whom the plaintiffs represented had not a good title to the land, nor have since had such title. The third and sixth pleas contain the same allegations, except that they omit the averment that those for whom the plaintiffs acted had no title; but they allege that the plaintiffs have not conveyed, &c. As no specific agreement is here alleged that those for whom the plaintiffs below acted, had a good title, or that they would make a good title before the notes fell due, or that the de-

Owings *v.* Thompson *et al.*

fendants should not be called upon to pay the notes till such title was made, and as the representations at the time of the sale and execution of the notes are not charged to have been fraudulent, the question arises, whether, where notes are made for the purchase of land, in the absence of any agreement that the title is good, or that the notes shall not be paid if the title fails, and in the absence of fraud, although untrue representations are in fact made as to the title, a failure of title shall constitute a failure of the consideration of the notes. This is a question which has already been before this Court, although, perhaps, not in the precise form in which it is here presented, and a short review of the cases found in our own reports, without going beyond them, will show what the true rule is.

The first case with which I have met is Snyder *v.* Laframboise. (1) In that case Laframboise had brought an action of assumpsit against Snyder, to recover back the consideration paid for a piece of land. In the decision of that case, Mr. Justice Lockwood says, "The plaintiff's right to recover, in this case, depends upon the question, whether the defendant and Pençonneau were guilty of fraud in selling the land mentioned in the deed. Even in equity a vendee has no remedy on the ground of failure of title, if he has no covenants, and there is no fraud." Although this was not a case where a defence was set up to a note, for a failure of consideration, yet the principles which govern the two cases are not very dissimilar, and the general principles here laid down by the Court, as we shall see, are not less applicable to the case under consideration. Even in case of personal property, it was held (2) that it is no defence to a note, that the property for which it was given was deficient, either in quantity or quality, and that the representations made by the seller were false and untrue, unless there was also fraud. In that case, Ch. Justice Wilson says, "Every false affirmation does not amount to fraud." To constitute fraud, the representations must be known to be false, and be made with an intention to deceive. It is the intent to deceive that constitutes the very essence of fraud.

The next case which I find bearing on this point is Miller *v.* Howell. (3) This was a suit brought on a note for the sale of a town lot. The defence set up was, that the plaintiffs, at the time of the sale of the lot, publicly proclaimed that they would, within a given time, build a certain house and bridge in the town, which they had not done, whereby, &c. The Court held this to be insufficient, and that to have made out the defence, the defendant should have shown that the representations were made deceitfully; and in that case, Mr. Justice Lockwood determined that the matters set up by the defendant did not tend to show a failure of consideration, and adds, that "fraud cannot exist without an intent to

(1) Breese 268.        (2) Breese 234.        (3) 1 Scam. 499.

deceive." The principles decided in that case are in perfect accordance with the decisions referred to in Breese.

The same doctrine is recognised and fully sustained by this Court in the case of Kirkland *v.* Lott *et al.* (1) This was an action on a promissory note, in defence of which the defendant interposed six pleas. All of these pleas, except the first, alleged that the note was given for certain lots in Jerseyville, and that the plaintiffs, at the time of the sale, pointed out to the defendant certain valuable lots, and represented them to be the lots sold, whereas the lots really sold were not the ones pointed out, but were different lots, and of no value. The third, fifth, and sixth pleas do not charge that the representations were fraudulently made, but the second and fourth pleas allege fraud. To all of these pleas demurrers were interposed. In the decision of the case Ch. Justice Wilson says, "The third, fifth, and sixth pleas are essentially alike, and all allege a want of consideration, for the same reasons assigned in the second and fourth pleas, but neither of them charge the plaintiff with fraudulently or knowingly misrepresenting the situation of the lots sold to the defendant. The omission in each of these pleas to charge the plaintiffs with fraud in the transaction, is a fatal defect. Without this allegation they do not constitute a defence to the action. The demurrers to them were therefore properly sustained. The second and fourth pleas are not very technically drawn, but they charge, in terms sufficiently clear, that the lots which the plaintiffs pointed out and showed to the defendant, and which he purchased upon their representations as to their location, and upon his own view of them as pointed out, were not designated upon the plat of the town by the numbers which the plaintiffs represented them to be, and that the misrepresentations respecting their location and numbers were made with a knowledge of their falsehood, and with a fraudulent intent." The Court then decided those pleas to be good.

It may be said, that none of these cases are precisely like this, where a defence is set up that the title to the land has failed, for the purchase of which the notes were given. But the object of examining previous adjudications is, to see what principles of law are settled by their determination, and when those principles are ascertained, it then becomes the duty of the Court to apply them to the particular case under consideration. If the objection could be made that the principle attempted to be applied was found in the decision of a case not precisely parallel in all of its features with the one to which the application is proposed to be made, reports of adjudications would be almost useless, for in many cases it would be a rare occurrence indeed to find others precisely like them in every particular. It is sufficient if their resemblance is such that the same general rule must control each. It is then that

(1) 2 Scam. 13.

the rule established in one case, becomes the principle of decision in the other.

The next and only other case which I find in the reports of this Court, bearing directly on this point, is Myers v. Aikman. (1) That was an action on a sealed note, and the defendant filed three pleas of failure of consideration. They all allege that the note was given for the sale of land, and that, at the time of the sale, the plaintiff represented to the defendant that he had a good and perfect title to the land, which, in fact, he had not. The first and third pleas allege that the representations were made fraudulently, which allegation is omitted in the second plea. To these three pleas collectively the plaintiff filed a general demurrer, in which he says, "that the matters and things in the said first, second, and third pleas of the said defendant are not sufficient," &c. This demurrer went to all of the pleas collectively, and denied that all together showed a defence to the action, and not that each one separately was insufficient. On deciding this demurrer, if any one of these pleas contained a good defence to the action, the demurrer was not well taken; and as the first and third pleas were unquestionably good, it was beyond doubt proper that the demurrer should have been overruled, as was done by this Court in that case, so that the overruling of that demurrer did not necessarily determine the second plea to be good of itself.

The principle clearly deducible from this uniform train of decisions of this Court, from its first organization to the present time, is, that it is not a sufficient defence to a note or bond that it was given for the purchase of land, and that the purchaser acquired no title, or that there was a defect or misrepresentation as to the quantity, quality, or location. It is no matter what representations were made at the time of purchase, so that they were made in good faith, and the transaction was not tainted with fraud, where there is no express agreement on the subject. And this is in perfect accordance with most of the decisions in England and our sister States.

There are two other cases in our own reports which it may not be improper to examine, as they have sometimes been supposed to be somewhat at war with the principle above laid down, which, upon a careful examination, will be found not to be the case.

The first is the case of Gorham et al. v. Peyton. (2) That was an action brought on a note which was given for a lot in Beaubien's Addition to Chicago. The evidence, which was introduced under a proper plea for that purpose, showed "that it was expressly understood and agreed between Beaubien (the payee) and the defendants, that they should not be called on for the payment of the note until Beaubien should obtain a patent from the United States for the land, which Beaubien expected would be done be-

(1) 2 Scam. 452.                    (2) 2 Scam. 363.

fore, or at furtherest, as early as the maturity of the note." The evidence also showed that Beaubien had not obtained a patent for the land; all of which was known to the plaintiff at the time of the assignment of the note. On this evidence, this Court held that the consideration for which the note was given had failed.

The next is the case of Tyler *v.* Young *et al.* (1)    That was an action brought on a note, and the defence set up was, that the note was given in part consideration of a bond, from the payee to the defendants, by which they bound themselves to convey certain lands to the defendants, by deed in fee simple, with clauses of general and special warranty, within four months from the date of the bond; and the several pleas then aver that the obligor had not title, that he had not conveyed, and that the lands were encumbered, &c.    These pleas, this Court held, constituted a good defence to the note.

The principle established by the first case is, that where there is an express agreement that a perfect title to the land for which the note was given, shall be made, before the note falls due, and that the makers shall not be called on to pay the money until a perfect and clear title is made, that a failure to complete this title constitutes a failure of the consideration of the note, although the agreement is not in writing.    In the case of Tyler *v.* Young *et al.*, the agreement between the parties was substantially the same, and had the advantage of being reduced to writing, and its decision was governed and controlled by the same principle.    In both these cases a specific title was agreed for, and that specific title was really the consideration for which the note, in each case, was given, and in each case the vendor had not, or could not give the title specifically agreed for, and that failing, the consideration of the note necessarily failed.    Thus it will be seen that the principle decided by these cases does not at all conflict with that established by the cases before referred to.    Those cases show, that in the absence of fraud, and in the absence of any specific agreement for a particular title, the purchaser takes the title at his own risk.    The latter cases show, that where the vendor expressly agrees to give a specific title, whether there be fraud in the case or not, he shall take the responsibility of that particular title, and if he will not, or cannot give that title, he shall not be permitted to collect the note given in consideration of that agreement, and turn the party round to seek his remedy on the agreement or his covenants.

These being the general rules by which these pleas are to be tested, it is only necessary to see whether they charge the plaintiff with fraud, in the representations which he made at the time he sold the land for which the notes were given, or whether they show any specific agreement for a particular title to this land.    If the pleas show either of these facts, and are otherwise sufficient, then

(1) 2 Scam. 444.

Owings *v.* Thompson *et al.*

they are good ; if they do not, then the purchaser took the title at his own risk, and a want of a perfect title constituted no defence to the notes. In these particulars the language of all four of the pleas is the same, and, as I have before shown, neither of them contains either of these allegations. Nothing like fraud is pretended, and the word agreement, or its equivalent, is not found in either plea. The demurrer to these pleas was properly sustained by the Court below.

The only remaining error to be disposed of arises on the decision of the Court in rejecting the evidence offered by the defendant on the trial, as shown by the bill of exceptions. The evidence offered and rejected was, to prove that certain lots in the city of Ducoyne, for the purchase of which the notes were given, were sold by the plaintiffs, as commissioners appointed by the Circuit Court for that purpose ; that they were sold as the land of I. Sprigg and the heirs of S. B. Atkins, and that, at the time of said sale, neither the said heirs, nor the said Sprigg had any title to said lots, nor had they acquired one since, and that the plaintiffs were unable to make a good title to said lots. As there were no issues taken on any of the pleas of failure of consideration, this evidence must have been offered under the pleas of no consideration. In determining the question of demurrer in this case, we have already decided that without fraud or warranty, the purchaser takes the title at his own risk. So the consideration of the notes was not a perfect title, but whatever title the plaintiff could give; so that if the title proved defective, it was the defendant's misfortune, or his folly, in purchasing without covenants. Had he obtained covenants for a specific title, and that title had failed, he might well have set up that failure, although not under this issue, as a defence to the notes. The Court decided correctly in rejecting this evidence. None of the errors assigned being sustained, the judgment of the Circuit Court is affirmed with costs.

TREAT, Justice, delivered the following concurring opinion:

I concur in the propriety of affirming the judgment. I do so, however, on the ground that the sale set up in the pleas was a judicial sale. In such sales the rule of *caveat emptor* applies, and the purchaser acts at his peril. He is to be charged with full knowledge of the goodness of the title he is acquiring, and should not rely upon any representations or promises of the individual who makes the sale. The commissioner does not act in his own right, nor on behalf of those who are entitled to the proceeds of the estate, but as the agent of the law, without any authority to warrant the title, or make any agreement binding on the parties interested.

*Judgment affirmed.*