### SANBORN *v.* CREE.

An assignee of a lease without warranty cannot set up a defect of title in defense to an action upon a note given in consideration of the assignment. In such case the assignee occupies the same position as a purchaser of real estate under a deed of quit-claim.

### *Error to Probate Court of Arapahoe County.*

THIS was an action in assumpsit upon a promissory note, given by Sanborn to Cree for $1,700. The declaration contained a special count and the common counts. The defendant pleaded:

"1st. Non assumpsit.'

"2d. *Actio non,* because he says the promissory note sued on in the first count of the plaintiff's declaration was given by the defendant to the plaintiff without consideration; that is to say, the said plaintiff at the city of Denver and county of Arapahoe, did on the day of A. D. 1874, for the price of $2,200, $400 of which was paid in cash, and the said promissory note given to secure the balance, assign and set over unto the defendant a certain lease to three hundred and eighty-five feet of a certain mining claim or lode known and called the 'Cash Lode,' situate in Gold Hill Mining District, Boulder county, Colorado. The said plaintiff then and there, representing unto the defendant, that he, the said plaintiff had a valid and subsisting right, under and by virtue of the said lease, and that the same was in full force and effect, whereas this defendant avers that at the time of the said assignment to him of the said lease as afore-

said, the said lease had become null and void, and that the said plaintiff had no right under and by virtue of the same, wherefore the defendant says the note set forth in the said declaration was given without consideration," etc.

"3d. *Actio non.* Because he says the promissory note sued on in the first count was obtained by fraud and circumvention; that is to say, that the defendant being the sole owner and proprietor of a certain mine or lode named the 'Cash Lode,' the same being situated in the Gold Hill Mining District, in the county of Boulder, that the said defendant was anxious to dispose of the said mining claim, and to that end had men of capital to examine and inspect the same, and just as defendant was about to close his negotiation with said men, and perfect and conclude said sale for a large sum of money, to wit, the sum of $25,000, the said plaintiff received notice thereof, and immediately set up a fraudulent and fictitious claim thereto, and did then threaten to bring suit against this defendant, in ejectment, for the possession of said mine, unless defendant would buy up said false, fraudulent and fictitious claim to said mine; and thereby, and by means of said suit, so discourage said men that they would refuse to buy the said mining claim, which the defendant avers would have been the effect had such suit been brought; and the defendant avers that he was induced by the fear of said fraudulent threats to enter into and execute the said note in the first count of the said declaration mentioned; and the defendant doth further state that up to the time of making of the said threats by him the said plaintiff so as aforesaid made, and at the time when the said promissory note was executed by the said defendant that he, the said plaintiff, had no title or claim in or to the said mining claims, or any part thereof, of any description whatever; and that the defendant was then, and for a long time prior thereto, had been the sole owner and possessor of said mining claim, of all which the said plaintiff had notice; and this defendant is ready to verify, wherefore," etc.

The plaintiff demurred to these pleas, assigning as special causes:

"1st. That the second plea does not show that the interest of plaintiff to lease terminated before the assignment of lease to the defendant.

"2d. That defendant, having set forth the particulars of the want of consideration, is confined thereto, and it does not appear that defendant did not get all the consideration which he contracted for.

"That as to the 3d plea it does not appear but that defendant did not as much know the facts therein set forth as having taken place at the time of the execution of the note as he does now, or as the plaintiff then did; nor that his action was induced by threats," etc.

The demurrer was sustained, and the defendant electing to stand by his second and third pleas, judgment was given for the plaintiff upon the demurrer. The cause was afterward tried by the court without a jury, and the plaintiff had judgment for $1,737.78. The errors assigned in the record are upon the sustaining the demurrer to the second and third pleas.

Mr. SAM. P. ROSE, for plaintiff in error.

Messrs. REED & BLAKE, for defendant in error.

HALLETT, C. J. In the second plea, plaintiff in error alleged that the promissory note in suit was given upon the assignment of a lease to him, and that at the time of such assignment the lease was null and void, and, therefore, the note was without consideration.

He also avers, by way of recital, that defendant in error represented that he had a valid and subsisting right under the lease, but he does not state that he believed such representations, or that he was induced thereby to enter into the contract.

This defense is simply that of a bad bargain, from which plaintiff in error wishes to be relieved. It is held that a purchaser of land, by quit-claim deed, cannot set up a defect of title in defense to an action, upon a note given for

the purchase-money. *Bonney* v. *Smith*, 17 Ill. 531 ; *Kerney* v. *Gardner*, 27 id. 163.

And an assignment of a lease, without warranty, stands upon the same principle.   It is not shown that plaintiff in error was ignorant of the title to the mine, and if he chose to pay a good price for something that was worthless, he cannot be relieved upon the ground that he erred in judgment. *Hardesty* v. *Smith*, 3 Ind. 39 ; 1 Chit. on Cont. 29, *et seq*.

For aught that appears in the plea, the contract may have been made in the settlement of conflicting claims to the property, or plaintiff in error may have obtained possession under the lease, and may have enjoyed the property to the full extent of his contract. *McClerkin* v. *Sutton*, 29 Ind. 407.

The plea is clearly insufficient as a defense to the action, and the third is no better.   The matters alleged in that plea to show fraud in the execution of the note were apparently equally well known to both parties, and, therefore, plaintiff in error was not deceived.

The demurrer was properly sustained to both pleas, and the judgment is affirmed with costs.

*Affirmed.*