FINDLEY v. RICHARDSON

1. **Judicial Sale:** REPRESENTATIONS OF GUARDIAN. The purchaser of real estate at guardian's sale has no right to infer, from the guardian's assurance that he will give a good title, that he is acquiring a title in fee simple, and, such assurance being given in good faith and without fraudulent intent, the purchaser is not entitled to equitable relief even though he may have been misled thereby.

2. ————: ————: PROMISSORY NOTE. The purchaser having acquired all the interest of the ward in the land, he cannot refuse to pay a promissory note given for the purchase money on the ground of a failure of consideration.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, JUNE 6.

ACTION to recover the amount due on a promissory note executed by one T. G. Templeton, of whose estate defendant is administrator.

The answer disclosed the fact that the note was executed in consideration of certain real estate sold and conveyed to said Templeton, the title to which, it is claimed, had failed, and it was therefore insisted that the consideration of the note had failed.

The defense was of an equitable character and the cause is triable *de novo* in this court.

The Circuit Court found for the defendant, entered a judgment accordingly, and the plaintiff appeals

*Dashiell & Andrews*, for appellant.

*Perry & Townsend*, for appellee.

SEEVERS, J.—In January, 1861 or 1862, Jacob Beedle died, leaving surviving him a widow who has since that time become insane, and the plaintiff is her guardian. One Stewart had been her guardian, but he having died pending this action the plaintiff was appointed in his stead. Said Beedle also left surviving him several children. He made a will, but the widow

elected to take her dower and rejected the will.  She applied
to the court in May, 1862, to have her dower admeasured and
set apart.  An order was made requiring notice to be served
on the heirs at law by the publication thereof for three weeks
in a newspaper.  The hearing was fixed for the 14th day of
June, 1862.  The record fails to show the publication of the
notice, or any other service except what is contained in the
proceedings of the court.  The order of the court appointing
referees to set apart the dower states:  " Now, on the 14th day
of June, the day fixed by the court for the return of the notice,
said notice being returned in due form "    *    *    * .  The
referees properly set apart the dower and reported the same to
the court, and the same was duly entered and recorded in the
proper book of the records, but no other entry or action of the
court is shown.

In January the predecessor of the plaintiff applied to the
proper court for authority to sell the land so set off as the

1. JUDICIAL          dower of the widow of said Beedle.    An order
sale: repre-
sentations of   of sale was made, and the land so set apart was
guardian.       sold at public sale to said Templeton, who gave
in part payment therefor the note sued on.  The land was
conveyed to Templeton by the usual guardian's deed, the same
properly approved and Templeton took possession of the
premises, and has never been disturbed in such possession.

It seems to be conceded by counsel that Templeton only
obtained such title as Mrs. Beedle had, and that it only con-
sisted of a life estate.  We are satisfied from the evidence that
both Templeton and the then guardian of Mrs. Beedle sup-
posed the former was obtaining a fee simple title.  We are
also satisfied that said guardian stated to Templeton and oth-
ers previous to the sale that the title was good, and that he
told Templeton on the day of the sale that he should have a
good title, meaning thereby, without doubt, an absolute or fee
simple estate.  We at the same time are satisfied that such
guardian supposed he could make such a title, and do not be-
lieve he intended to commit any fraud whatever, but that he
was acting in the utmost good faith throughout the entire
transaction.  Such being the facts, we are of the opinion the

court erred in rendering a decree for the defendant, because: The representation made as to the title was the mere expression of an opinion, legal in its character, and depending upon the existence of certain facts which appeared of record in the county where the land is situated and both parties reside. The guardian was not a lawyer and upon his opinion Templeton had no right to rely. Diligence on his part required an examination of the records. There is no testimony showing he did rely on what was said to him by the defendant as to the title. He consulted Judge Townsend in relation to some matters connected with the transaction, but not as to the title. Besides this, he was one of the referees who set apart the dower.

While it may be true equity will relieve a party from a contract obtained by means of false representations made innocently or under the belief the same were true, still we do not think this case comes within the rule. The representations must be as to matters on which the party has a right to rely, and it must appear that they were relied on. Such representations may be as to the character, situation, extent, or possibly as to the value, when the land is at a distance and no opportunity is given to examine the same. Such we understand to have been shown in *Wilcox v. The Iowa Wesleyan University*, 32 Iowa, 367.

Counsel for appellee have cited several cases as bearing on this question, but it is sufficient to say that an examination of them all fails to disclose any such state of facts as is apparent here. In all of said cases, the false representation was as to some other material matter than as to the state or condition of the title, unless *Bacon v. Bronson*, 7 Johns. Ch., 194, is such case. The representations in that case, however, were so materially different, and so were the circumstances under which they were made, from those in the present case, that the rule therein established is not applicable. Templeton entered into possession under the conveyance and was not disturbed therein during his life, nor have those claiming under him been so disturbed since his death. By the conveyance he got whatever title Mrs. Beedle had. It cannot, therefore,

be said the consideration has entirely failed. The title without doubt is good against Mrs. Beedle and all others, unless it be the heirs at law of her deceased husband.

The decree of the Circuit Court will be reversed and the cause remanded, with directions to dismiss the equitable defense on the merits and render judgment for plaintiff for the amount of the note.

                                        REVERSED.