ALBERT NORTON AND F. A. NORTON v. STROUD STATE BANK.
*a corporation.*

(Filed September 5, 1906.)

1.  **REAL PROPERTY—Sale of—Risk of Title.** In the absence of fraud or warranty, the purchaser of real property takes the title at his own risk, and if he has not taken the precaution to secure himself by covenants, he has no remedy for his money even on a failure of title.

2.  **GUARDIAN AND WARD—Lease of Ward's Land—Presumption.** Where a guardian who has been duly and legally appointed by a competent court having jurisdiction of the subject, makes a lease of the premises of his ward, in the absence of proof to the contrary the court will presume that all necessary legal steps have been taken, and that the guardian has secured all necessary orders to authorize him to make such lease, and the burden is upon the party attacking the validity of the lease to establish the facts necessary to show its illegality.

3.  **SAME—Same—Estoppel of Tenants.** Where the lease is made and entered into under the laws of Arkansas, and where that law provides that "when any minor shall be the owner of any improved lands, it shall be the duty of the guardian of such minor, annually, to rent such land to the highest bidder, giving ten days' previous public notice of the time and place for renting same." and where a party takes a lease of the lands of a minor, through

the guardian of said minor, without the law as to the giving of public notice, and as to the highest bidder being complied with, and then assigns said lease to a third party who enters into possession under said lease, and has actual, uninterrupted, peaceable possession, and receives the benefit of the leased premises, such third party cannot set up the invalidity of the lease as a defense to a note given in the consideration of the assignment of the lease.

4. **SAME—Same.** In an action on a note given in consideration of an assignment of a lease, without warranty, in the absence of fraud the assignee cannot set up a defect of title. He stands like a purchaser under a quit claim deed.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Bayard T. Hainer, Trial Judge.*

*J. W. Reece* and *W. B. Williams,* for plaintiff in error.

*Robt. A. Lowry* and *Hoffman & Embry,* for defendant in error.

### STATEMENT OF FACTS.

This was an action brought in the district court of Payne county, to recover on a certain promissory note held by the defendant in error as collateral security. The case was tried on a stipulation of facts agreed to by the parties. By the terms of said stipulation, the following facts are admitted: On the 20th day of February, 1903, M. W. Lynch entered into a rental contract with Will H. Jones, the legal guardian of Willie Davis, a minor eight years old, and a citizen of the Creek nation, for the southwest quarter of section twenty-eight (28), township seventeen (17) north, of range seven (7) east, in the Creek nation of the Indian Territory, for a period of five years from the date of the lease. Said lease was afterwards assigned by said Lynch to Albert Norton, and F. A. Norton, plaintiffs' in error herein, and

they, in consideration of the assignment of said lease, executed their note for $150.00 to Lynch, and the plaintiff below, defendant in error here, received said note from said Lynch as collateral security to secure a debt of $300 owing by said Lynch to the Stroud State Bank, defendant in error here, and that the land leased was cultivated and improved land, and had fifteen or twenty acres in cultivation, and the remainder was wild land, with one house. The note sued on is as follows:

"$150.00                 Stroud, Oklahoma, 3-20-1903.

"Nov. 15th days, without grace, after date, for value received, we as principal promise to pay to the order of M. W. Lynch of Stroud, one hundred and fifty dollars with interest at one per cent per month from date, interest to become as principal when due and bear the same rate of interest.

"The makers and endorsers of this note hereby severally waive presentment for payment, notice of payment, protest and notice of protest, and all exemptions that may be allowed by law, and valuation and appraisement laws waived, and each signer and endorser makes the other an agent to extend the time of this note; and if this note should be placed in the hands of an attorney or collected, we, or either of us, agree to pay $—— attorney's fees, and all other costs of collection.

                              "ALBERT NORTON.
                              "F. A. NORTON.

"Due................
"P. O. Stroud, O. T.
"Loan No. 361.
"Endorsed 'M. W. LYNCH'."

It was agreed by the parties in said stipulation, as follows, omitting the caption as to court and title:

"It is stipulated by the parties hereto, that all the allegations of plaintiff's pleadings are true. That sec. number

3498 of Mansfield's Digest of the Laws of Arkansas was, before the execution of the contract herein, extended to and put in force in the Indian Territory, except in so far as it was and is locally inapplicable, or in conflict with the several acts of congress, and treaties made with the Creek Indians, all of which acts of congress and treaties with such Indians so far as the parties hereto may desire, are admitted and in evidence. That the land in controversy is 160 acres, with fifteen or twenty acres in cultivation, and the remainder wild land and one house," signed by all the attorneys.

The letters of guardianship, the rental contract, the written assignment of the rental contract, and the promissory note sued on, were introduced in evidence in the trial in the court below, and being a part of the defendant in error's pleadings, they were admitted under the stipulation filed in the case. The case was tried to the court, and judgment rendered for the amount due on the note, and in favor of the defendant in error, plaintiff below. The court also sustained the attachment on plaintiff in error, F. A. Norton's land in Payne county, Oklahoma, to which judgment the defendants below, plaintiffs in error here, excepted, and in due time filed motion for new trial, which was overruled, to which the defendants excepted, and bring the case here for review.

Opinion of the court by

IRWIN, J.: Three grounds are urged by plaintiffs in error for a reversal of this case: First, that defendant in error, plaintiff below, was a *bona fide* holder of said note in due course of trade: Second, that said note sued on was a non-negotiable note: Third, that as a matter of law, the consideration for said note totally failed, in that said rental contract or lease was absolutely void.

As to the first assignment of error, we think in this case it is immaterial whether the defendant in error, plaintiff below, was not a *bona fide* holder of said note in the due course of trade, and had all the rights pertaining to such holder. It is apparent from the record in this case, that this note was assigned to the defendant in error by the original payee of the note. That assignment would give him the right to sue on the note, and to recover and to maintain any and all rights which the original payee had therein.

As to the second assignment of error, while under the holdings of this court construing our statute as to negotiable instruments, this would not be a negotiable instrument, this would only affect the note to the extent of allowing any and all defenses to it which might have been made against the original holder. In our judgment, the only assignment of error that should be considered here, is the third. That is, was the lease absolutely void, and has the consideration totally failed, and if so, are the defendants in the court below, plaintiffs in error here, in a position to raise this proposition? We think the position of plaintiff's in error is one which does not appeal to the sense of justice or equity of the court. Under the admitted state of facts as disclosed by the pleadings, the plaintiffs in error entered into possession under this assignment of the lease, had the uninterrupted peaceable possession of the premises, and enjoyed all the benefits of the lease, and in equity should now be estopped from setting up any invalidity of the lease as a defense to the note given in consideration of the assignment. By the stipulation filed by the parties, it is agreed that all of the allegations of the plaintiff's pleadings are true. On page 38 of the record, is

this statement, contained in the reply of plaintiff in the court below:

"That the said M. W. Lynch had a due and valid lease to said real estate and conveyed the same in due form to the defendants, and delivered the possession of said premises to the defendants, and the defendants entered upon and occupied and cultivated the same, and plaintiff is informed and believes that they still continue to occupy and enjoy the same."

And we take the rule to be that where a guardian makes a lease of the premises of his ward, without complying with all the requirements of the law, and the party to whom the lease is made, without warranty, conveys the same to a third party who enters upon the premises and enjoys the peaceable and uninterrupted possession of the premises, and reaps the fruits of the lease, he cannot be heard to question the validity of the lease or the assignment, in defense of a note given in consideration of such assignment. In the case at bar, the assignment of the lease is as follows:

"That I, M. W. Lynch, of Lincoln county, in the Territory of Oklahoma, the within named lessee in consideration of the sum of one hundred and fifty dollars, to himself in hand paid, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer, set over and convey all his right, title and interest unto Albert Norton and T. A. Norton, heirs and assigns, the within lease, to have and to hold the same, subject nevertheless to the conditions therein contained."

It will be seen by this assignment, that Lynch, the person making the assignment, made no representations, or covenants of any kind, whatever, but simply sold whatever rights he had under the written contract or lease, and put the assignees in possession of the premises. They are presumed

to know the law. They bought without warranty, and without any representations, whatever rights Lynch had. Lynch sold just such rights as he had under the law, and no more. and we take the rule of law to be well settled that in the absence of fraud or warranty, the purchaser of real property takes the title at his own risk, and if he has not taken the precaution to secure himself by covenants, he has no remedy for the recovery of his money, even on failure of title.

In the case of *Sanborn v. Cree,* 3 Colo. 149, the supreme court of that state say:

"In an action on a note, given in consideration of an assignment of a lease without warranty, the assignee cannot set up a defect of title. He stands like a purchaser under a quit claim deed."

In the case of *Owings v. Thompson,* 4 Ill. 502, the supreme court of that state say:

"Where a note is given for the purchase of land, in the absence of an agreement that the title is good, or that the note shall not be paid if the title fail, and in the absence of fraud, although untrue representations are in fact made as to the title, a failure of title will not constitute a failure of the consideration of the note."

In the case of *Ward v. Packard,* 18 Cal. 392, the supreme court of that state say:

"The mere fact that a vendor of land was aware of the existence of a judgment which was an incumbance on the land at the time of his sale, and failed to inform the vendee of the existence of such judgment, is not a fraud so as to constitute a defense to suit on a note for the purchase money, where the means of information, to-wit—the county record— were equally accessible to both parties. In such case, if the vendee neglect to inform himself he is guilty of negligence,

and cannot set up his·ignorance as a ground of fraud, unless by deceit or misrepresentation he has been misled."

In the case of *Findley v. Richardson,* 46 Iowa, 103, the Iowa supreme court say:

"A purchaser of real estate at a guardian's sale, has no right to infer, from the guardian's assurance that he will give a good title, that he has acquired a title in fee simple, and such assurance being given in good faith, without fraudulent intent, the purchaser, who thereby acquires all the interest of the ward in the land, cannot refuse to pay a promissory note given for the purchase money on the ground of a failure of consideration."

In the case of *Bell v. Parks,* 18th Kan. 152, the supreme court of that state, speaking through Justice Brewer, said:

"Where it appears that P was an actual settler on a quarter section of the Sac-and-Fox lands, and had made improvements thereon; that by treaty between the government and the Sac-and-Fox Indians these lands were subject to preemption by actual settlers, and that P and B. made a contract whereby, in consideration of $1500 cash and a note for $500, P executed a quit claim deed of all his right, title and interest in said premises, and delivered the possession of the same with the improvements to B, held, that in the absence of any fraud or deception there was no failure of the consideration of the note, although the improvements were not worth over $700—although the title to the land continued to remain in the government."

We are cited by counsel for plaintiffs in error, in support of their contention, to the case of *Indian Land and Trust Co. v. Shoenfelt,* 79 S. W. 134, but we think that case is not applicable to the case at bar, for the reason that case was a direct attack upon the lease. Shoenfelt, representing the Indian, was seeking to avoid the lease for the benefit of the

Indian, and in the case at bar, the attack upon the lease is at best but a collateral attack, and we think cannot be made available, even if the contention of the plaintiff was true, for the purpose of defeating the note given as consideration for the assignment of the lease.

And, in this case, we think there is no implied warranty, because by the express terms of the assignment it purports to convey all the right, title, and interest that Lynch had in the lease, and no more. This is a limitation of the title which Lynch purported to convey, and excludes all implied warranties of further title. Neither can the rule implying a warranty of title in case of sale of personal property in possession of the seller be applied in this case, because it is not shown by the record that Lynch was ever in possession of the property. Neither do we think that the contention of counsel for plaintiff in error that this lease is absolutely void can be maintained, because section 17 of the Supplemental Creek Agreement, by act of congress of June 30, 1902, which was read and admitted in evidence, provides that "Creek citizens may rent their allotments for strictly non-mineral purposes. for a term not to exceed one year for grazing purposes only, and for a period not to exceed five years for agricultural purposes, but without any stipulation or obligation to renew the same. Such leases for a longer period than one year for grazing purposes and for a longer period than five years for agricultural purposes, and leases for mineral purposes may also be made with the approval of the secretary of the interior, and not otherwise. Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void, and not susceptible of ratification in any manner, and

no rule of estoppel shall ever prevent the assertion of its invalidity.    *    *    *"

Now, this lease in question expressly provides that the minor is a Creek Indian; that the land is leased for five years for agricultural purposes, and contains no stipulation for a renewal of the same, and does not come within any of the restrictions of this act which would render it void. The lease assigned in this case was not forgery. It had actually been executed by the guardian of the minor. Lynch was the actual owner of the lease, and was the holder of whatever interests it conveyed, and the only objection to it urged by counsel for plaintiff in error is, they allege lack of authority on the part of the guardian to execute such an instrument. Now, we understand that such an instrument is not a void instrument, but only voidable. So far as the record in this case shows, the Indian boy, and his guardian, still approve the lease, and consent to the lessees' enjoyment of its benefits. The case at bar is not an instance of a party seeking to disaffirm or avoid a contract by the party having such right, but is an attempt by the assignees to set up the defect or invalidity in the contract to avoid paying a note given for the assignment of the lease which they purchased with knowledge of what they were getting, and after they had enjoyed all the benefits of their bargain. Not only is the record silent as to any objection on the part of the guardian, or his ward, but by the express stipulation of the parties, it is agreed that the lease to Lynch was a valid lease; that he made a legal assignment of it to plaintiffs in error; that he put the plaintiffs in error in possession; that they cultivated and used the premises, and are still in possession of them. Now, under this state of facts, we think it would be a gross inequity

and injustice to allow the plaintiffs in error to take the benefits of the lease, and then avoid the payment of the note given in consideration for the same.

Having examined the entire record, and finding no error therein, the judgment of the district court is affirmed at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.