### JONES v. BYINGTON *et al.*

No. 6507.   Opinion Filed March 7, 1916.

(155 Pac. 1118.)

1. **USE AND OCCUPATION—Burden of Proof.** In an action to recover from a defendant the rental value of a tract of land for the wrongful use and occupation of the same by such defendant. plaintiff must prove the use and occupation of such land by said defendant in order to recover therefor.

2. **LANDLORD AND TENANT—Assignment of Defective Lease— Right to Cross-Judgment.** In an action to cancel a lease upon a tract of land for fraud and gross inadequacy of consideration, to recover possession of said land, and damages for the wrongful use and occupation of the same against the lessee named in the lease and his assignee, the assignee filed a cross-action against his assignor praying that, in the event plaintiff had judgment against him for the cancellation of the lease and for the use and occupation of the land, he might have judgment against the assignor for the amount paid for the assignment of the lease. The court found that the assignee took his assignment with notice of the infirmities in the lease, and the evidence of the assignee showed that at the time of the taking of the assignment the assignor refused to warrant the lease, and the assignment contained no warranty. **Held,** that there was no evidence warranting a cross-judgment in favor of the assignee against the assignor.

(Syllabus by Rummons, C.)

*Error from District Court, Marshall County;*
*Jesse M. Hatchett, Judge.*

Action by Joseph Byington against George M. Jones and another.  Judgment for plaintiff, and the defendant named brings error.  Reversed and remanded, with directions.

*J. O. Minter* and *J. W. Falkner,* for plaintiff in error.

*W. F. Semple* and *Geo. S. March,* for defendant in error Byington.

Opinion by RUMMONS, C.   This case was commenced by the defendant in error Joseph Byington, hereinafter styled the plaintiff, against the plaintiff in error and the defendant in error C. D. Payne, hereinafter styled the defendants, in the district court of Marshall county, alleging that he was a full-blood Indian of the Choctaw Tribe, and that he was the owner and entitled to possession of certain described real estate in Marshall county, but by fraud and fraudulent representations he had been induced to execute a lease thereon to the defendant George M. Jones for a term of one year for a consideration of $30, which was grossly inadequate; that the defendant C. D. Payne claimed an interest in said lease by virtue of an assignment of the same to him by defendant Jones; that the defendants held possession of the real estate for the year 1913, and that the reasonable rental value thereof for the year 1913 was $500; that he was entitled to the possession of said real estate; and that the defendants wrongfully withheld the same from him.  He prayed a cancellation of the lease and the assignment thereof and for judgment against the defendants in the sum of $500.  The defendant Jones filed his separate answer disclaiming any right, title, or interest in the premises sued for, and denying that he withheld possession thereof from the plaintiff. Defendant Payne at the trial filed an answer consisting of

a general denial, and admitting that he occupied and used said real estate for the year 1913 by virtue of the assignment of the lease in question from Jones to him; alleging that he paid defendant Jones $100 and the balance of the rents provided for in said lease, amounting to $20, to plaintiff for such assignment; that said lease was purchased in good faith; and that he had no knowledge of any fraud perpetrated on the plaintiff. He prayed that in the event the court should hold said lease void, and the same should be canceled, he have judgment against the defendant Jones in the sum of $120. The cause was tried to the court, resulting in findings and judgment for the plaintiff against the defendants. The findings and conclusions of the court are as follows:

"FINDINGS OF THE COURT.

"By the Court:

"I find in this case that the plaintiff, Joseph Byington, is a full-blood Choctaw Indian, having no knowledge of business affairs, and extremely ignorant, having had practically no experience in business matters, not knowing the value of land, either in fee or of rental value.

"I find that the defendant George M. Jones had some knowledge of this place, having seen it, and that he is a man of intelligence and good business experience.

"I find the same to be true of the defendant Payne.

"I find that ordinary and customary rental value in money of the land in controversy is $230 a year.

"I find that it produced during the year 1913 in rents about $350.

"I find that the lease on the land was for a consideration of $30, $10 cash, and $20 in deferred payments; that the same was grossly inadequate, and is practically, in comparison to the value of the land, no consideration.

"I find that the defendant Payne had knowledge of that, not only actual, but constructive, knowledge, as it is stated in the lease.

"I conclude that this lease was fraudulent and voidable, and the same will be set aside, and judgment will be entered against both defendants in this case for the sum of $300.

"I find that the defendant Payne paid to the plaintiff $20 and to George M. Jones $100 for the lease. In the event he shall pay the judgment rendered in this case, he shall have his judgment over against George M. Jones for the $120.

"As a part and parcel of this judgment, the defendants are ordered to pay the money into the hands of the clerk of this court, and not to any other person; and the clerk of this court is ordered to hold the money until it is ordered paid out by the court, and he is also ordered neither to satisfy the judgment record nor permit any one else to satisfy the judgment record until the money is paid into his hands.

"To which findings and judgment of the court the defendants each and both except."

The plaintiff and defendant Payne had judgment in accordance with the findings and conclusions of the court, to reverse which the defendant Jones brings this proceeding in error.

We need only consider one assignment of error made by the defendant Jones, which is that the judgment of the trial court is not supported by the evidence and is contrary to law. This action was brought by the plaintiff to cancel the alleged fraudulent lease, and to recover from the defendants for the use and occupation of the lands in controversy for the year 1913. The defendant Jones having filed a disclaimer as to any right, title, or interest in and to said real estate, he cannot and does not question the

findings and conclusion of the court that the lease complained of was fraudulent, and that the same should be canceled; but as to the use and occupation of said real estate the evidence conclusively shows that the defendant Payne alone occupied the same during the year 1913, and that the defendant Jones was not in possession of the same at any time during the year. It appears from the evidence that the lease in controversy was executed by the plaintiff on or about January 27, 1912, and that the same was assigned by defendant Jones to the defendant Payne, who was then in possession of said real estate, on October 25, 1912, so that the defendant Jones had neither actual nor constructive possession of said real estate during the year 1913.

The plaintiff can only recover for the wrongful use and occupation of his real estate from those who used and occupied it. It is contended, however, by the plaintiff that Jones, being the lessee, could not by assigning the lease escape liability for the payment of rent; and counsel for plaintiff cite authorities in support of that proposition. This will be conceded, and, if this were an action against Jones for rents due under the terms of the lease, there could be no question of plaintiff's right to recover; but plaintiff predicates this action upon no such theory. This action is based upon the invalidity of the lease, because obtained by fraud for a grossly inadequate consideration, and upon the wrongful possession of the real estate of plaintiff by defendants during the year 1913. Plaintiff seeks to cancel the lease, recover possession of his real estate, and the value of its use and occupation. He clearly cannot predicate his right to recover a money judgment for rent upon the lease; for he admits that the rental of $30 provided for therein has been paid. The fact that the meas-

ure of his damages for the wrongful detention of the premises by the defendants is the rental value of the same does not make this an action to recover rents. Upon the authority of Æsop it has been generally held that no man is entitled to blow hot and cold with the same mouth. We therefore conclude that, as there was no evidence of the use and occupation of the land by the defendant Jones, the judgment of the court against him for the rental value thereof, $300, is not supported by the evidence, and is contrary to the evidence. *Bigham v. Alexander,* 54 Okla. 51, 153 Pac. 644; 39 Cyc. 856-870.

The court further rendered judgment against the defendant Jones in this action in favor of the defendant Payne for the sum of $120 in the event the judgment rendered in favor of plaintiff should be paid by defendant Payne. The evidence of defendant Payne is that he knew the consideration agreed to be paid by Jones to plaintiff in the lease, and that at the time he bought the assignment of the lease Jones told him that he would not guarantee it. The granting clause of the assignment is as follows:

"Now, therefore, for and in consideration of $1.00 and other valuable considerations, the receipt of which is hereby acknowledged, I George M. Jones, lessee in the above-described lease, do hereby sell, assign, transfer, and convey unto C. D. Payne, the above-described lease, rights, privileges, appurtenances and obligations therein contained, which lease was duly recorded on the 30th day of January, 1912, in Book 7, page 80, of the Records of Marshall County, Oklahoma.

"It is understood by the parties hereto that the said C. D. Payne assumes and agrees to pay all sums specified in the said lease to be paid to the said Joseph Byington.

"Signed and delivered this 25th day of October, 1912.

"GEORGE M. JONES."

There is no warranty contained in the assignment, and the oral testimony discloses that the defendant Jones refused to guarantee the lease to defendant Payne. The court also found that the defendant Payne had knowledge of the grossly inadequate consideration provided for in the lease; and, as the court based his conclusion that the lease was fraudulent because of such gross inadequacy of consideration taken in connection with other facts and circumstances, it follows that the court must necessarily by its finding as to the knowledge of the defendant Payne of such consideration have also found that he had knowledge of the fraudulent character of the lease. We confess we are at a loss in this state of the evidence to determine upon what theory of the facts and the law of this case the trial court found judgment in favor of the defendant Payne. The defendant Payne took this assignment with notice, and without any warranty on the part of Jones, so that he cannot complain of the loss of his money by the failure of the lease. *Norton v. Stroud State Bank,* 17 Okla. 295, 87 Pac. 848.

Judgment of the court below should be reversed, with directions to enter judgment for the defendant George M. Jones for his costs.

By the Court: It is so ordered.